IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
Civil Action No.: 2:16-cv-00084-D

| | | |
|---|---|---|
| TAKEYLA PERRY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CONSENT PROTECTIVE ORDER** |
| | ) | |
| DIVERSIFIED WOOD PRODUCTS, | ) | |
| INC., | ) | |
| | ) | |
| Defendant. | | |

Pursuant to Rule 26(c) and with the consent of the parties as designated below, the Court finds and orders as follows:

1.      The parties have agreed that the medical records of the Plaintiff and the personnel records and training procedures and financial statements of the defendant are subject to disclosure pursuant to Rule 26.

2.      With the consent of the parties, the Court finds that a protective order is appropriate and imposes the following terms and conditions on the use and disclosure of the personnel records and medical records.

      a.      These records shall be revealed only to and used only by "qualified persons" as provided in subparagraph 2(b) of this Order and only in connection with the prosecution or defense of this case, including any appeal thereof;

      b.      As used herein, "qualified persons" means:

            i.      This Court, including its staff and any jury selected in this case, under such safeguards as are provided in this Order or as are required

by the Court in the event any confidential matter is to be used or introduced at trial;

        ii.      Present and subsequent in-house and outside counsel for the parties to this action, together with their paralegals and clerical employees actually working on the case at any time;

        iii.     Outside experts consulted or retained by counsel in connection with the preparation for trial or at trial; and

        iv.     The individual and entity parties to this action and witnesses in connection with the preparation for trial or at trial.

3.      The parties have agreed that these medical records and personnel and training records and financial statements may be produced subject to a protective order restricting their use to the prosecution and defense of this lawsuit and prohibiting their disclosure to unauthorized persons.

4.      With the consent of the parties, the Court finds that a protective order is appropriate and imposes the terms and conditions on the use and disclosure of the requested medical records and personnel and training records and financial statements as set forth in paragraph 2(a)-(b) of this Order.

5.      It shall be the responsibility of counsel for each party to this action to ensure that qualified persons receiving any confidential material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them.

6.      Ultimate disposition of protected materials is subject to final Order of the Court upon completion of litigation, which may include but is not limited to, the parties either destroying or returning the records at the conclusion of litigation.

7.      In accordance with Section V(G)(1)(a) of the EDNC CM/ECF *Policies and Procedures Manual*, if a party seeks to file confidential material under seal, the party must accompany the request with a motion to seal. The motion to seal may be filed without a supporting memorandum only if the filing party can cite a statute, rule, standing order or court order that requires the filing to be sealed.  Absent such authority, the filing party must submit a supporting memorandum that specifies:

(i)      The exact document or item, or portions thereof, for which the filing under seal is requested;

(ii)      How such request to seal overcomes the common law or the First Amendment presumption to access;

(iii)      The specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interest in access;

(iv)      The reasons why alternatives to sealing are inadequate; and

(v)      Whether there is consent to the motion.

8.      Although this Order is entered with the consent of the parties, it shall not constitute a waiver of the parties' right to object to the disclosure of material on grounds relating to discovery or to its admissibility into evidence.

SO ORDERED, this the 22nd day of September , 2017.

Kimberly A. Swank
U.S. Magistrate Judge

**We stipulate and agree to abide by the terms of this Order:**

| FAGAN LAW OFFICE | CRAWFORD & CRAWFORD, PLLC ATTORNEYS AT LAW |
|---|---|
| By */s/Kathryn Fagan*<br>    Kathryn Fagan<br>    N.C. State Bar No. 21858 | By */s/ Robert O. Crawford III*<br>    Robert O. Crawford III<br>    N. C. State Bar No. 12373 |
| P.O. Box 44<br>Manteo, NC  27954<br>Telephone: 252-947-0211<br>Email: Kpfagan45@gmail.com | 4242 Six Forks Road, Suite 1550<br>Raleigh, NC  27609<br>Telephone: 984-220-8280<br>Email: bob@crawfordlaw.biz |
| *Counsel for Plaintiff* | *Counsel for Defendant* |